| | |
|---|---|
| Case No.   SACV 19-1308-ODW (KS) | Date: January 21, 2020 |
| Title   *Adam Emmanuel Garcia v. City of Newport Beach et al* | |

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On July 1, 2019, Defendants Christopher Phelan and the City of Newport Beach ("Defendants") removed Plaintiff's civil rights complaint (the "Complaint") to federal court. (Dkt. No. 1.) In the Complaint, Plaintiff, a California resident proceeding *pro se*, asserted claims under 42 U.S.C. § 1983 (the "Complaint") related to Plaintiff's arrest and Newport Beach police officers' use of force against Plaintiff in connection with the arrest. (Dkt. No. 1, Ex. B.) On October 28, 2019, the Court dismissed the Complaint, partly with leave to amend and partly without leave to amend, and ordered Plaintiff to file a First Amended Complaint. (Dkt. No. 42.) On November 25, 2019, Plaintiff filed a First Amended Complaint (the "FAC"). (Dkt. No. 47.) On December 13, 2019, the Court dismissed the FAC for failure to state a claim upon which relief could be granted and ordered Plaintiff to file either a Second Amended Complaint or a Notice of Voluntary Dismissal within 21 days, *i.e.*, no later than January 3, 2020. (Dkt. No. 50.) Two weeks have now passed since Plaintiff's Second Amended Complaint was due, and Plaintiff has not filed either a Second Amended Complaint or a Notice of Voluntary Dismissal, nor has he otherwise communicated with the Court about his case.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's prior orders.

However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE on or before February 11, 2020**, why the Court should not recommend that this action be dismissed for failure to prosecute. Plaintiff may discharge this Order by filing: (1) a request for an extension of time to file a Second Amended Complaint and a declaration signed under penalty of perjury, explaining why he failed to comply with the Court's prior orders; or (2) a Second Amended Complaint correcting the deficiencies identified in the Court's December 13, 2019 Order. Alternatively, if Plaintiff does not wish to pursue this action, he may dismiss the action without prejudice by filing a signed document entitled "Notice Of Voluntary Dismissal" pursuant to Rule 41(a).

**Plaintiff is advised that the failure to respond to this order will result in a recommendation of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

The Clerk is directed to send Plaintiff a copy of the Court's December 13, 2019 Order (Dkt. No. 50).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |