UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   SACV 19-1308-ODW (KS)                                         Date: April 26, 2021

Title    *Adam Emmanuel Garcia v. City of Newport Beach et al*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On July 1, 2019, then-Defendants Christopher Phelan and the City of Newport Beach removed Plaintiff's civil rights complaint (the "Complaint"), which was originally filed in state court, to federal court. (Dkt. No. 1.)  On October 28, 2019, the Court dismissed the Complaint with leave to amend for failure to state a claim. (Dkt. No. 42.)

On March 26, 2020, Plaintiff filed a Second Amended Complaint (the "SAC"), which is now the operative pleading. (Dkt. No. 63.)  Liberally construed, the SAC alleges that the Newport Beach police officers who arrested and questioned Plaintiff violated his rights under the Fourth Amendment and its California analogue. (*Id.*)  On April 7, 2020, Judge Stevenson issued a Report and Recommendation concerning the SAC, and, on March 16, 2021, Judge Wright accepted the Report and Recommendation and dismissed all of Plaintiff's claims in the SAC with prejudice except for Plaintiff's Fourth Amendment claims against three Newport Beach police officers: Defendants Gary Abrahamyan; Zachery Varela; and D. Simmons. (Dkt. No. 97.)  Judge Wright ordered Defendants Abrahamyan, Varela, and Simmons to file an Answer or a motion under Rule 12 of the Federal Rules of Civil Procedure. (*Id.*)  However, there is no entry on the docket indicating that Plaintiff ever served Defendants Gary Abrahamyan, Zachery Varela, and D. Simmons.

Plaintiff filed this case in California state court nearly two years ago, in May 2019.  It was removed to the Central District on July 1, 2019.  In California state courts, a complaint must be served on all named defendants within 60 days after the filing of the complaint. CAL. R. CT. 3.110.  In federal court, Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons and copy of the complaint within 90 days after a case is filed.  If a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 19-1308-ODW (KS)   Date: April 26, 2021

Title   *Adam Emmanuel Garcia v. City of Newport Beach et al*

defendant is not served within that 90-day timeframe, Rule 4(m) requires the court to dismiss the action against that defendant or order that service must be made within a specified time. Here, nearly two years have passed since Plaintiff initiated this case in state court—and since it was removed to federal court. Accordingly, if Plaintiff has, indeed, failed to properly and timely serve Defendants Abrahamyan, Varela, and Simmons, then his claims against them must be dismissed.

However, in the interests of justice and in conformity with Fed. R. Civ. P. 4(m), which requires notice to the plaintiff if a defendant is not served within 90 days, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than May 10, 2021 why the action should not be dismissed for failure to serve Defendants Abrahamyan, Varela, and Simmons.**

To discharge this Order and proceed with this case, **Plaintiff, no later than the May 10, 2021 deadline, shall file a proof of service that shows that Plaintiff served the summons and a copy of the SAC to Defendant Abrahamyan, Defendant Varela, and Defendant Simmons in a manner that complies with Rule 4(e) of the Federal Rules of Civil Procedure.**[1]

The Court will not extend Plaintiff's May 10, 2021 deadline in the absence of a showing of extraordinary circumstances supported by competent proof. **Plaintiff's failure to timely comply with this order will result in a recommendation of dismissal.**

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr

---

[1] Rule 4(e) of the Federal Rules of Civil Procedure states: Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
  (2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.