UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   SACV 19-1308-ODW (KS)                                        Date: July 21, 2021

Title   *Adam Emmanuel Garcia v. City of Newport Beach et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OF CLAIMS AGAINST DEFENDANT SIMMONS**

   Plaintiff filed this case in California state court more than two years ago, in May 2019. It was removed to the Central District on July 1, 2019. (Dkt. No. 1.) On March 16, 2021, the Court dismissed all of Plaintiff's claims with prejudice except for Plaintiff's unreasonable search and seizure claims against three Newport Beach police officers—Defendants Gary Abrahamyan, Zachery Varela, and D. Simmons (Dkt. No. 97)—whom Plaintiff had not yet served. On April 26, 2021, the Court ordered Plaintiff to show cause no later than May 10, 2021 why the action should not be dismissed for failure to serve Defendants Abrahamyan, Varela, and Simmons. (Dkt. No. 98.) On May 11, 2021, at Plaintiff's request (Dkt. No. 100), the Court extended Plaintiff's deadline for serving the three defendants and ordered him to file proofs of service no later than June 24, 2021. (Dkt. No. 101.) The Court stated that "no additional extensions of time will be granted." (*Id.*)

   On June 22, 2021, Plaintiff filed, as both a "Proof of Service" for Defendant Simmons and a "Proof of Service" for Defendant Abrahamyan, a Declaration signed by Maria E. Garcia stating that she sent the summons, Notice of Lawsuit and Request for Waiver of Service, and a self-addressed stamped envelope to Gary Abrahamyan. (Dkt. Nos. 128, 129.) The Court ordered the "Proof of Service" stricken from the docket because it did not reflect any action taken with respect to Defendant Simmons, only Defendant Abrahamyan, and ordered Plaintiff to correct the defect on or before the June 24, 2021 deadline. Specifically, the Court instructed Plaintiff that, if Defendant Simmons had not returned a waiver of service, Plaintiff should file a proof of service for Defendant Simmons that complies with Rule 4(e) of the Federal Rules of Civil Procedure. (Dkt. No. 130.) The Court informed Plaintiff that he could contact the Federal Pro Se Clinic for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 19-1308-ODW (KS)                                              Date: July 21, 2021

Title     _Adam Emmanuel Garcia v. City of Newport Beach et al_

guidance, provided Plaintiff with the Clinic's phone number and website, and directed the Clerk to send Plaintiff copies of Form POS-010, which is a template for filing a proof of service.  (_Id._)

Nevertheless, more than three weeks have now passed since Plaintiff's June 24, 2021 deadline for filing a proof of service for Defendant Simmons and no proof of service has been filed.  On June 24, 2021, Plaintiff filed a waiver of service for Defendant Varela (Dkt. No. 131) and a proof of service for Defendant Abrahamyan (Dkt. Nos. 132-133).  However, he has not filed any document reflecting that he served Defendant Simmons with the operative complaint and summons, despite the passage of more than two years since the commencement of this case and numerous orders from the Court not only directing Plaintiff to serve Defendant Simmons but also explaining to him _how_ to serve Defendant Simmons, what to file with the Court in order to avoid dismissal, and who to contact for assistance.

Rule 4(m) of the Federal Rules of Civil Procedure states:  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  **Neither a litigant's _pro se_ status nor his lack of legal sophistication is good cause for his failure to comply with the Federal Rules of Civil Procedure.**  _See Briones v. Riviera Hotel & Casino_, 116 F.3d 379, 382 (9th Cir. 1997); _King v. Atiyeh_, 814 F.2d 565, 567 (9th Cir. 1987); _Wennihan v. AHCCCS_, 515 F. Supp. 2d 1040, 1043 (D. Ariz. 2005); _see also Springer v. Best_, 264 F.2d 24, 25 (9th Cir. 1959) (it has never been the court's function "to supervise laymen in the practice of law"); Local Rule 1-3 ("Persons appearing _pro se_ are bound by these rules.").

Here, approximately two years have passed since Plaintiff's deadline for serving Defendant Simmons and no valid proof of service has been filed.  Accordingly, Plaintiff's claims against Defendant Simmons are now subject to dismissal under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.  Therefore, **IT IS ORDERED that, to avoid dismissal of his claims against Defendant Simmons, Plaintiff must show cause no later than July 26, 2021**—five days from the date of this Order and 90 days from the date of the Court's April 26, 2021 Order to Show Cause re: Dismissal for failure to comply with Fed. R. Civ. P. 4(m)—why Plaintiff's claims against Defendant Simmons should not be dismissed for failure to timely comply with court orders and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 19-1308-ODW (KS)                              Date: July 21, 2021

Title   *Adam Emmanuel Garcia v. City of Newport Beach et al*

Rule 4(m) of the Federal Rules of Civil Procedure.  As stated above, neither Plaintiff's *pro se* status nor ignorance of the law constitute "good cause" within the meaning of Rule 4(m).

**Plaintiff is expressly warned that his failure to timely comply with this Order and demonstrate "good cause" for his failure to serve Defendant Simmons within the 90-day timeframe prescribed by Rule 4(m) will result in a recommendation of dismissal of Plaintiff's claims against Defendant Simmons.**

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |